# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESSE PHILLIPS, | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C 2394 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| COOK COUNTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jesse Phillips ("Phillips") brings this suit against a variety of defendants alleging negligence as well as a violation of his constitutional rights under 42 U.S.C. § 1983 ("Section 1983"). Defendants Thomas J. Dart ("Dart"), Sheriff of Cook County, and Michael F. Sheahan ("Sheahan"), former Sheriff of Cook County, have moved to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6), alleging that Phillips' claims are untimely. Defendants Lee Ryker and Roger Walker also moved to dismiss the first amended complaint under Rule 12(b)(6). For the reasons stated below, Dart and Sheahan's motion is granted; Ryker and Walker's motion is granted in part and denied in part.

### BACKGROUND

From late 1993 to late 1994, Phillips was jailed at the Cook County Department of Corrections pending criminal charges. During this time, Phillips developed a cholesteatoma, a destructive and expanding sac in his right middle ear. In November 1993, the sherriff sent Phillips to the then Cook County Hospital where staff doctors performed a radical

1

tympanomastoidectomy on Phillips' ear. Upon completing the procedure, the doctors stuffed Phillips' ear canal with gauze packing. According to Phillips, after the procedure he was in need of – but never received – further medical treatment. Phillips was subsequently released from custody in December 1994.

In April 2006, Phillips was incarcerated at Lawrence Correctional Center on a new criminal case. In May 2006, Phillips began having pain in his right ear, coupled with fluid draining from the ear. Medical providers from the Illinois Department of Corrections examined him and noted that there appeared to be packing material in his ear causing him discomfort. The doctors who operated on Phillips in November 1993 left this packing material in his ear. Medical personnel at Lawrence Correctional Center referred him to an outside medical provider in May 2006. In July 2006, medical personnel at Lawrence Correctional Center approved a further tympanoplasy/mastoidectomy surgical procedure based on the recommendation of the outside medical provider. Defendants failed to carry out the recommendations and no further surgery has, to date, been performed. Phillips alleges that his medical conditions will be aggravated as a result of defendants' failure to comply with the recommendations made by the outside medical personnel.

## ANALYSIS

To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). This means "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon

which it rests.' . . . [and] its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [himself] out of court." *Id.* at 776 (quoting *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S. Ct. 1955, 1964, 1973 n.14 (2007)).

I. **Defendants Dart and Sheahan's Motion to Dismiss**

   A. **Section 1983**

Defendants Thomas Dart, Sheriff of Cook County, and Michael Sheahan, former Sheriff of Cook County, move to dismiss Phillips' claim under Section 1983 as barred by the statute of limitations. Plaintiff and defendants agree that the limitation period for Section 1983, which borrows from the forum state's personal injury statute, is two years. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993).

Defendants Dart and Sheahan argue that the "challenged conduct" which forms the basis of the Section 1983 claim against them occurred sometime between November 1993 and December 1994, when Phillips was incarcerated at the Cook County Department of Corrections. Because Phillips does not identify his legal claims in his amended complaint, the court has done its best to ascertain any possible basis of his Section 1983 claim against Dart and Sheahan. These bases are: (1) the Cook County Hospital medical personnel's alleged negligence in leaving packing in his ear; and (2) Dart and Sheahan's alleged failure to provide the recommended follow-up care. The court agrees with defendants when they argue that Phillips "seems to equate an alleged negligent act by a treating physician, with deliberate indifference" by defendants. Phillips does not provide any authority (or even attempt to provide any explanation) for the notion that the sheriff is responsible under Section 1983 for

3

the alleged negligence of the treating physicians at Cook County Hospital. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976) (medical malpractice is not actionable under Section 1983). Plaintiff provides no support for the notion that Dart and/or Sheahan were somehow personally responsible for the alleged negligence of the treating physicians, and respondeat superior principles are inapplicable in the Section 1983 context. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 691 (1978). In light of this, the court does not read plaintiff's first amended complaint as stating a Section 1983 claim against Dart and Sheahan for the negligent actions of the Cook County Hospital doctors. The failure to provide follow-up care after Phillips received his surgery, however, does at least arguably state a claim under Section 1983.

With this in mind, the court turns to defendants' argument that Phillips' Section 1983 claim against them is untimely. Phillips had two years from sometime in 1993 to 1994 to file his complaint based on the failure to provide necessary post-surgical care. The court does not agree with Phillips that the "discovery rule" – where the relevant statute of limitations is postponed until the plaintiff first discovers his injury – should be applied in this case. According to the amended complaint, Phillips was treated by Cook County Department of Corrections medical personnel on "almost a daily basis from November 9, 1993 to his discharge from the jail in December 1994." He claims that the recommendations from medical personnel at both Cook County Hospital and the Cook County Department of Corrections for specialized treatment and care were "ignored and/or refused." While he did not discover that packing was left in his ear until 2006, he was on notice in 1993-94 that there were recommendations related to his care that were not being followed. In fact, Phillips alleges that he filed a grievance with respect to his failure to receive recommended care. In light of this,

the court concludes that his claim accrued sometime in 1993 or 1994, while he was in the custody of Cook County officials. Because he waited approximately thirteen years to file his complaint, his Section 1983 claim against Dart and Sheahan is untimely and must be dismissed.

**B.    Negligence**

As an initial matter, plaintiff provides no authority for the notion that the Cook County Sheriff himself could be held responsible for the alleged negligence of the treating physicians at Cook County Hospital. In light of this failure, the court does not read plaintiff's complaint as stating a negligence claim against Dart and Sheahan. And, even if such a claim were possible, it would be dismissed as untimely for the reasons explained below.

Dart and Sheahan argue that any negligence claims against them based on the packing material left in Phillips' ear are barred as untimely by the Illinois Local Governmental and Governmental Employees Tort Immunity Act,[1] 745 ILCS 10/1-206; *Tatum v. Davis*, No. 95 C 1341, 1996 WL 388405, at *2 (N.D. Ill. July 9, 1996) (county sheriff covered under Tort Immunity Act). The limitations period for tort claims against governmental entities and their employees is one year. 745 ILCS 10/8-101(a). Relying on the "default rule" in Illinois that a cause of action for personal injuries accrues when the plaintiff suffers injury, defendants claim that because Phillips was injured in November 1993, he had only until November 1994 to file a negligence claim against any governmental entity or employee. Finally, defendants argue that

---

[1] Plaintiff's argument that defendants do not qualify for immunity under the Tort Immunity Act is misplaced. Defendants have not attempted to rely upon the Tort Immunity Act for *immunity*, but rather argue correctly that it provides the statute of limitations for plaintiff's negligence claim. *Tosado v. Miller*, 720 N.E.2d 1075, 1081 (Ill. 1999) (Section 8-101 of the Tort Immunity Act applies to medical negligence claim against county). Plaintiff makes no other argument (and the court knows of no reason) why the Tort Immunity Act would not apply in this case.

5

even if the court were to rely on the "discovery rule" to find that the negligence claim did not accrue until 2006 (when Phillips discovered that packing material was left in his ear), it would still be untimely under Section 13-212(b) which caps all personal injury actions to an eight-year limitations period.[2]

Phillips asserts in response that the discovery rule should apply here, based on the fact that he did not know until April 24, 2006 that medical personnel left packing material in his ear during his November 1993 surgery.

While the default rule in Illinois is that "the statute begins to run from the date of an injury," *Pitts v. City of Kankakee*, 267 F.3d 592, 595 (7th Cir. 2001), Illinois also recognizes the "discovery rule." "The effect of the discovery rule . . . is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 894 (Ill. 1995). However, the application of the discovery rule is limited as medical malpractice claims in Illinois are also subject to a four-year statute of repose. Under Section 13-212(a) of the Illinois Code of Civil Procedure, "no action for medical malpractice shall be brought more than 4 years after the date on which the act or omission or occurrence alleged in such action to have been the cause of such injury." 735 ILCS 5/13-212; *Willis v. Khatkhate*, 869 N.E.2d 222, 227 (Ill. App. Ct. 2007) (four-year statute of repose applicable to medical malpractice claim brought against county hospital doctor). Unfortunately for Phillips, this means that those plaintiffs, like Phillips, who do not discover

---

[2] Defendants mistakenly cite to subsection (b) of 735 ILCS 5/13-212 (which deals with actions by minors and has an eight-year statute of repose) instead of subsection (a) which is applicable here and has a four-year statute of repose.

the existence of an injury until after the four year period has passed are barred from filing suit. *Orlak v. Loyola Univ. Health System*, 885 N.E.2d 999, 1003 (Ill. 2007) (recognizing four-year statute of repose and stating that "[t]he statute of repose sometimes bars actions even before the plaintiff has discovered the injury); *Greb v. Forest Preserve Dist. Of Cook Cty.*, 752 N.E.2d 519, 522 (Ill. App. Ct. 2001) (legislative intent of the Tort Immunity Act is to narrow the statute of limitations for any tort action against local governmental entities and local governmental employees). Because Phillips filed suit more than four years after his injury was inflicted, his negligence claim is time-barred.

## II. Ryker and Walker's Motion to Dismiss

### A. Eleventh Amendment Immunity

Defendant Roger Walker ("Walker") is the Director of the Illinois Department of Corrections and Lee Ryker ("Ryker") is the warden of Lawrence Correction Center. Walker and Ryker argue that Phillips' Section 1983 claims against them in their official capacities are barred by the Eleventh Amendment. The Eleventh Amendment bars "private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). A suit against a state official in his or her official capacity is a suit against the official's office, so state officials in their official capacities are immune from suit under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Joseph*, 432 F.3d at 748 ("state officials in their official capacities are also immune from suit under the Eleventh Amendment").

While the Eleventh Amendment generally bars suits against officials in their official capacities, there are exceptions to this general rule. "One exception occurs when the suit is filed against a state official, in her official capacity, claiming a violation of federal or constitutional law and seeking only prospective injunctive relief that does not include money damages." *Am. Soc'ty of Consultant Pharmacists v. Patla*, 138 F. Supp. 2d 1062, 1068 (N.D. Ill. 2001) (citing *Papasan v. Allian*, 478 U.S. 265, 276-78 (1986)). In other words, the Eleventh Amendment does not bar an official capacity suit where the only relief sought is prospective injunctive relief. Money damages are not allowable because "[a] suit for [money] damages against a state official in his or her official capacity is a suit against the state for Eleventh Amendment purposes." *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). However, money damages that are "ancillary" to – that is, necessary to effectuate – the injunctive relief are not barred by the Eleventh Amendment. *Patla*, 138 F. Supp. 2d at 1069 (noting that there is a distinction between "an award of retroactive money damages, which are expressly prohibited, and prospective monetary consequences on the state treasury that may flow from the injunctive relief granted, which are not barred by the Eleventh Amendment").

Here, Phillips seeks *both* injunctive relief and money damages from Ryker and Walker. Despite Phillips' attempt to argue otherwise, any compensatory and punitive damages based on Phillips' ear injury are not necessary to effectuate the injunctive relief he seeks (future medical treatment). Therefore, Phillips is barred by the Eleventh Amendment from seeking damages against Ryker and Walker. He may proceed against them in their official capacities in order to obtain prospective injunctive relief only. Phillips has twenty-one (21) days from the date of this order to filed a second amended complaint which eliminates his request for money

damages from Ryker and Walker and limits his request for relief against them to prospective injunctive relief only.

While the Illinois Department of Corrections ("IDOC") is not listed as a movant with respect to Walker and Ryker's motion, the motion nevertheless argues that IDOC cannot be sued, no matter what type of relief is sought. The court agrees. Absent consent or congressional override, a state, or any of its agencies or departments, may not be sued in federal court. *Pennhurst v. Haldeman*, 465 U.S. 89, 100 (1984). IDOC is dismissed from the case.

### B. Lack of Personal Involvement Under Section 1983

With respect to their own personal liability, Walker and Ryker argue that Phillips has failed to plead sufficient personal involvement to hold them liable for any alleged constitutional violations under Section 1983. In order for Walker and Ryker to be liable in their individual capacities, they each must have some measure of personal responsibility for the alleged constitutional deprivation. *Cygnar v. City of Chicago*, 865 F.2d 827, 847 (7th Cir. 1989).

Because Phillips failed to identify his legal claims, it is unclear whether he intended to bring individual capacity claims (as opposed to the official capacity claims discussed above) against Ryker and Walker. In his first amended complaint, Phillips stated that "Defendant Walker is sued in his official capacity" and "Defendant Ryker is sued in his official capacity." (First Am. Compl. at 12-13.); *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) ("As a prerequisite for a Section 1983 suit, a plaintiff must specify whether the suit is brought against the defendant in his official capacity or individual capacity."). He also states in his conclusion

9

section of his response brief that plaintiff's claim "should proceed against Ryker and Walker in their official capacities." (Pl's resp. at 6.) In light of these statements, the court does not read any individual capacity claims against Ryker and Walker. Because defendants' arguments with respect to "personal involvement" relate to individual capacity claims (and there are none in this case), the court disregards those arguments as unnecessary.

### C. Standing

Finally, defendants argue that Phillips "does not have standing to request injunctive relief" because Phillips has not alleged that he is in immediate danger of sustaining some direct injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both "real and immediate" and not "conjectural" or "hypothetical"). There is no dispute that an outside medical provider recommended that Phillips receive further surgery and that medical personnel at Lawrence Correctional Center approved that surgical procedure based on the recommendation of the outside medical provider. Phillips has presented sufficient allegations that defendants have failed to provide the recommended and approved medical treatment, and that such failure has injured Phillips (and presumably continues to injure him) by aggravating his medical condition.

### CONCLUSION

For the reasons explained above, defendants Dart and Sheahan's motion to dismiss the complaint as out of time is granted. Defendant's request for costs to be charged against the plaintiff because the suit is frivolous is denied. Defendants Ryker and Walker's motion to dismiss the complaint is granted in part and denied in part. Plaintiff is directed to file a second

amended complaint in which he eliminates his request for money damages from Ryker and Walker within twenty-one (21) days of the date of the court's opinion.

                                    ENTER:

                                    /s/
                                JOAN B. GOTTSCHALL
                                United States District Judge

DATED: July 1, 2008